Judge Marshall

delivered the Opinion of the Court.
This action was brought by McMurray, the assignee, against Wood, the assignor, of a note for sixty seven dollars and fifty cents, executed to said Wood by E. Ridge. On the trial, the Circuit Court, being of opinion that the plaintiff had failed in proving that he had used due diligence in pursuing the obligor of the note, instructed the jury to find as in case of a non-suit; and the only question now presented is whether that instruction was correct.
The note was assigned on the 13th of September, 1837, being due and payable before that time. The succeeding term of the Circuit Court for the county of Marion, in which the parties all resided, commenced on the 23d of October, and the 13th of October was the last day for serving process with the effect of entitling the plaintiff to a judgment at that term. On the 5th of October, the plaintiff commenced his suit against the obligor, by filing a petition, the summons on which was delivered to the sheriff on the same day, with urgent directions to serve it in time for a judgment at the October term. But although eight days remained for the service of the summons in time, and the obligor resided only six miles from the Court House, and was only occasionally absent about *46 a mile further in the same county, the summons was not executed until the 16th of October, and the judgment was not rendered until the second term; after which, an execution was in due time issued and returned ‘no property.’ There was also parol evidence that the obligor was, and had for several years been, insolvent. It was stated by the sheriff that, he had so much business on hand when he received the summons that he could not execute it in time without neglecting other business, and that if it had been put in his hands on the 13th of September, he thought it probable he could have served it in time for a judgment at the October term.
The assignee of a note or bond—to secure a right of recourse upon his assignor, must—if there is time after the assignment, and after the note is due—bring suit, in the proper court soon enough to get a judgment at the next term. But it is not necessary that the suit should be bro’t as soon as the assignment is received; it may be deferred until there will be only sufficient time-allowing for ordinary contingencies-to issue the process and have it served in time for a judg’t at the first court after the assignment.
It is well established that, if there be time after the assignment, the assignee must bring his suit upon the note to the first succeeding term, and with a view to obtaining judgment at that term. But the facts of this case present the question whether where there is a sufficient interval between the assignment and the ensuing term, to allow of a judgment being then obtained, the assignee is bound to commence his suit immediately, at the hazard, if he do not so commence it, of losing his recourse, if the process is not served in time; and whether, if without any unreasonable or unusual delay, he commence his suit at such a period as upon reasonable calculation, allowing for ordinary contingencies, would leave ample space and and opportunity for the timely execution of the process, he does, or does not, thereby lose his recourse upon the assignor, if the process should not in fact be executed in time for a judgment at the next term.
To say that he is bound, under all circumstances, to sue immediately, and that any delay would release the assignor, would furnish a certain, and, therefore, in that respect, a convenient test of due diligence. But it would be requiring a degree of diligence, which has not heretofore been exacted in the case of an assignee, who, as it has been repeatedly said by this Court, is not required to use all possible diligence, nor indeed extraordinary diligence, but is only held to that measure of diligence which a prudent man would be expected to use in the case, if he were solely interested.
An assignee is not generaly held to as much vigilence & promptness in bringing and prosecuting his suit, as is required of him in the enforcement of his judgment.
Eight days is deemed a sufficient time to allow for the service of the process, in a suit upon an assigned note, where the def’t is generally to be found within 6 or 7 miles of the court house.
A considerable degree of rigor has been generally applied to the steps taken after judgment, with regard to the time and nature of those steps. But the nature of the process after judgment, and the precise time of its delivery to the officer, may be matters of great importance, and afford a definite test of the vigilance and good faith with which the plaintiff is attempting to coerce the judgment. But the process before judgment being only important as a means of obtaining judgment, the precise date of its emanation or delivery to the officer, is immaterial to the expeditious coercion of the debt, provided it be issued and executed in time to authorize a judgment at the first term. And as it is certain that the obtaining of a judgment at the first term, would be sufficient evidence of due diligence, notwithstanding any delay in the emanation of the process, and though there were in fact no process, the mere date of the process, compared with the date of the assignment, does not seem of itself to furnish a sufficient ground for imputing negligence, even where there has been a failure to serve it in time. It cannot be said that an ordinarily prudent man, desirous of obtaining a judgment at the first term after a note is due, will of course put it in suit on the very next day. Nor can it be said that the delay of a few days, leaving still ample time, upon all reasonable calculation for due service of process, would evince either a disposition not to obtain a judgment at the first term, or a want of ordinary prudence in taking the steps requisite for that object.
The space of eight days for the service of process, would seem to be sufficient to meet the ordinary contingencies of the casual absence of a laboring man who shows no disposition to evade the service of process. The contingency of the sheriff’s failing, during that time, to execute the process upon a defendant only six or seven miles off, and who remained within the county, was one which an ordinarily prudent man might not, and probably would not, have deemed it necessary to guard against. And the failure to guard against it, in this case, is certainly not conclusive evidence of a want of ordinary prudence, or of ordinary diligence, or good faith.
*48 We are of opinion, therefore, that the Court erred in the instruction given. And the judgment is, for that reason, reversed, and the cause remanded for a new trial, without payment of costs.